IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY JAMES HEADRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-185-NJR |
| | ) |
| SGT. CHAMBERS, C/O BROWN, C/O JORDAN, C/O IVORY, CAPTAIN COLLINS, C/O EVERETT, C/O BRIGGS, C/O MILLER, C/O GARDNER, C/O SABO, LT. STRUBBERG, C/O WILLIAMS, and C/O GUMPER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Timothy James Headrick, an inmate of the Missouri Department of Corrections who is currently incarcerated at Farmington Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was detained at the St. Clair County Jail in southern Illinois. In the Complaint, Headricks alleges unconstitutional conditions of confinement, excessive force, and retaliation claims under the First and Fourteenth Amendments.[1]

---

[1] Although Headrick seeks to raise his claims under the Eighth Amendment, as a pre-trial detainee, his claims for excessive force and conditions of confinement are properly brought under the Fourteenth Amendment.

1

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Headrick's Complaint appears to be a log of every grievance/complaint that he made while housed at St. Clair County. He alleges that he did not receive recreation while housed at St. Clair County and when he asked about recreation, the officers told him there were no opportunities for recreation. He also complained about the small portions of food at mealtime (*Id.* at p. 7). He also spoke to Correctional Officers Everett, Briggs, Haggerman, Nichols, Mosley and Sergeant Nichols about the conditions of the jail, including toilets not working and black mold in his unit (*Id.*).

On December 29, 2021, he spoke with Correctional Officer Mike about the sewer being blocked, and he was told that the sewers were like that for years. On August 30, 2021, he made a complaint about the heat not working in his unit (*Id.*). The sink also did not produce cold water. Again, he spoke to Mike as well as Officer Ivory, but nothing was fixed. He alleges that he was subjected to super cold living conditions and no drinking water. On December 30, 2021, he informed Correctional Officer Sabo about the issue with the drinking water and the sewage (*Id.*). He also complained about the lack of recreational opportunities. On December 31, 2021, he spoke to Officer Williams about the

lack of recreational activity, but Williams told him to suck it up and deal with it (*Id.* at p. 8). He asked him about the sewer issues and the small portions for meals, but Williams stated that he could not do anything about it (*Id.*). He also alleges that Captain Collins is responsible for the conditions of the jail because he oversees the grievance process (*Id.* at p. 9).

On January 5, 2022, Sergent Chambers, Correctional Officer Brown, Correctional Officer Sabo, Correctional Officer Jordan, Correctional Officer Gumper, and Correctional Officer Ivory, pulled him out of his cell and Sergeant Chambers told him to stop writing grievances (*Id.* at p. 8). Headrick replied that he would not stop. After a short back and forth about his grievances, Headrick was ordered back into his cell. He again indicated that he would not stop filing grievances. Brown grabbing Headrick and pulled him out of his cell. Chambers then told the officer to beat Headrick, and Brown, Sabo, Jordan, Gumper, and Ivory punched Headrick and bent his arms over his head (*Id.*). He handed grievances about the incident to Everett, Briggs, Miller, and Gardner.

On January 25, 2022, Headrick was beat up by multiple detainees in his cellblock. Correctional Officer Williams was asleep in the control booth and did not see the fight (*Id.* at p. 10). He gave copies of the grievance he wrote about the incident to Correctional Officer Briggs, Officer Ivory, Officer Owens, and Officer Lewis.

**Preliminary Dismissals**

Headrick identifies a number of individuals in his statement of claim who are not listed as defendants or included in the caption of his Complaint. This includes: Correctional Officer Haggerman, Sergeant Nichols, Correctional Officer Nichols,

3

Correctional Officer Mosely, and Correctional Officer Mike. Because these individuals are not identified as defendants, any potential claims against them are **DISMISSED without prejudice**.

Headrick also seeks to raise a claim against Captain Collins because he is in charge of the jail and oversees the grievance process. But Headrick fails to state a claim against Collins because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Further, neither he nor the individuals Headrick turned his grievances into (including Briggs, Ivory, Owens, Lewis, Everett, and Gardner) can be liable for denying or mishandling the grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Thus any potential claims related to his grievances are also **DISMISSED without prejudice**.

Although Headrick identifies Stubberg as a defendant in the caption of his case, he fails to include any allegations against him in the statement of claim. Accordingly, Stubberg is also **DISMISSED without prejudice**.

Finally, Headrick seeks to allege a failure to protect claim against Williams for not stopping the assault on January 26, 2022. Although he alleges that Williams did not break up the fight, he does not allege that Williams was aware of the threat to Headrick or that he was aware of the fight earlier. In fact, Headrick alleges that Williams did not stop the fight earlier because he was asleep in the control booth. Under the Fourteenth Amendment, Headrick must allege that Williams acted "purposefully, knowingly, or

4

perhaps even recklessly." *Pittman by and through Hamilton v. County of Madison, Illinois*, 970 F.3d 823, 827-28 (7th Cir. 2020) (quoting *Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018)). But at most, Headrick alleges that Williams acted negligently by sleeping during the assault. Further, he fails to allege that Williams knew of a risk to Headrick from the other detainees. *Miranda*, 900 F.3d at 353 (it is not enough to show negligence or gross negligence). Accordingly, his failure to protect claim is also **DISMISSED without prejudice.**

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide this *pro se* action into the following three counts:

> **Count 1:** **Fourteenth Amendment conditions of confinement claim against Everett, Briggs, Sabo, Williams, and Ivory for the conditions Headrick faced including: lack of adequate drinking water, lack of recreation, black mold, backed-up sewers, inadequate food, and lack of heat.**
>
> **Count 2:** **Fourteenth Amendment excessive force claim against Chambers, Brown, Sabo, Jordan, Gumper, and Ivory for the use of force on January 5, 2022.**
>
> **Count 3:** **First Amendment retaliation claim against Chambers, Brown, Sabo, Jordan, Gumper, and Ivory for the use of force against Headrick for filing grievances.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Headrick states a Fourteenth Amendment conditions of confinement claim in Count 1 against Everett, Briggs, Sabo, Williams, and Ivory. *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019) ("objective inquiry applies to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees"). He also states an excessive force claim in Count 2 against Chambers, Brown, Sabo, Jordan, Gumper, and Ivory, *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015), and *Lombardo v. City of St. Louis*, 141 S.Ct. 2239, 2241 (2021), as well as a retaliation claim in Count 3 against Chambers, Brown, Sabo, Jordan, Gumper, and Ivory. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002).

## Disposition

For the reasons stated above, Count 1 shall proceed against Everett, Briggs, Sabo, Williams, and Ivory. Count 2 shall proceed against Chambers, Brown, Sabo, Jordan, Gumper, and Ivory. Count 3 shall proceed against Chambers, Brown, Sabo, Jordan, Gumper, and Ivory. Miller, Strubberg, Collins, and Gardner are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Everett, Briggs, Sabo, Ivory, Chambers, Brown, Jordan, Williams, and Gumper: (1) Form 5 (Notice of a Lawsuit and

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Headrick. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Headrick, the employer shall furnish the Clerk of Court with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Headrick, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Headrick is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** May 3, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**